# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 16-1018V
## (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
NORMAN LARSEN,                    *
                                 *        Special Master Corcoran
                                 *
               Petitioner,       *        Filed: February 6, 2019
                                 *
       v.                        *
                                 *        Attorney's Fees and Costs.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
                                 *
               Respondent.       *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Martin J. Rubenstein*, Staten Island, NY, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 18, 2016, Norman Larsen ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of his September 10, 2013 influenza ("flu") vaccine. Petition, ECF No. 1, at 1. The parties filed a stipulation for damages on September 14, 2018, which I adopted as my Decision awarding damages on September 19, 2018 (ECF No. 44).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated October 25, 2018 (ECF No. 48) ("Fees App."), requesting a total award of $38,435.29 (representing $32,737.50 in attorney's fees, plus $5,697.79 in costs). Fees App. at 3. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* at 5. Respondent reacted to the motion on November 11, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 50, at 2-3. On January 15, 2019, I issued an Order requesting Petitioner submit documentation in support of his requested attorney's costs. Order, ECF No. 51. Petitioner filed the requested documentation on February 4, 2019. ECF No. 52.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$33,524.91**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests that his attorney, Mr. Rubenstein, be compensated for his work at a rate of $450.00 per hour irrespective of year. Fees App. Ex. 1 at 2. Mr. Rubenstein's rates have been discussed recently by two other special masters. *See Roberts v. Sec'y of Health & Human Servs.*, No. 16-1151V, 2018 WL 2772304 (Fed. Cl. Spec. Mstr. May 18, 2018); *Braun v. Sec'y of Health & Human Servs.*, No. 16-1098V, 2018 WL 6930455 (Fed. Cl. Spec. Mstr. Dec. 3, 2018). In these decisions, the special masters noted that while Mr. Rubenstein is an experienced attorney with over 40 years of legal experience, and is otherwise entitled to a forum rate, his proposed rates exceed the maximum amount prescribed by the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for all years except 2018. *Braun*, 2018 WL 6930455, at *2. Accordingly, Mr. Rubenstein has been awarded $430.00 per hour for work performed in 2015-16, $440.00 per hour for work performed in 2017, and $450.00 per hour for work performed in 2018. *Id.* I agree with the reasoning expressed in *Roberts* and *Braun*, and will therefore compensate Mr. Rubenstein consistent with their holdings.

I next find the hours expended on this matter as reflected in the billing entries to be reasonable. However, it appears that Mr. Rubenstein has made an error in calculating his total number of hours. Mr. Rubenstein states that he has performed 72 hours and 45 minutes of work for a total of $32,737.50. Fees App. Ex. 2 at 6. However, the total hours reflected in the billing entries is the slightly lesser amount of 66.85 (5.75 hours billed in 2015, 23.85 hours billed in 2016, 20.95 hours billed in 2017, and 16.3 hours billed in 2018). *Id.* at 2-6. I deem the lower number accurate, since it is derived directly from the submitted time invoices. Using the previously established rates for Mr. Rubenstein, the total amount of attorney's fees awarded is **$29,281.00**.[4]

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $5,697.79 in overall costs. Initially, when Petitioner filed his fees motion, no documentation to substantiate requested costs was provided beyond a list describing each cost and the associated amount. Fees App. Ex. 5 at 3. Thereafter, on January 15, 2019, I

---

[4] (29.6 hours * $430.00) + (20.95 hours * $440.00) + (16.3 hours * $450.00) = $29,281.00

ordered Petitioner to file sufficient documentation in support of the requested costs, such as receipts and/or billing statements. Order, dated January 15, 2019 (ECF No. 51). Petitioner made the requested filing on February 5, 2019. However, while some of the requested documentation in support of costs was filed, several costs remained unaccounted for. Petitioner also included an "Account Quick Report," described as a document prepared by Mr. Rubenstein's firm "in which computer entries are made when checks are written. The report consists of two (2) pages. It accurately reflects disbursements in this matter." Affidavit, ECF No. 52, at 1. Concerning the missing documentation, Mr. Rubenstein stated that "[a]ny additional documentation which cannot be located at this time is as a result of change of system and change of personnel." *Id.* at 3.

Pursuant to the Guidelines for Practice Under The National Vaccine Injury Compensation Program ("Guidelines"), "[a] list of costs incurred by counsel and/or advanced under the petition, *e.g.*, amounts paid for copying records and amounts for travel, along with supporting documentation, should accompany the application."[5] The guidelines further state that "[b]efore reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided." This language makes clear that a mere list of costs incurred is not enough to automatically warrant recovery – there must be some further proof of those costs included which allows the Special Master to assess their reasonableness.

The instant matter presents an identical situation to that in *Braun*, where Mr. Rubenstein again filed some of, but not all of, the requested documentation supporting costs. In that case, the special master found that the "Account Quick Report" document provided was insufficient because it did not cure the original deficiency of the fees application, namely that the only information being provided for some costs was a brief description of who was paid and the amount paid. *Braun*, 2018 WL 6930455 at *3. Because the "Account Quick Report" was not found to be adequate proof of costs, the special master declined to reimburse the petitioner for those costs which were not supported by receipts or invoices.

While I do not find Mr. Rubenstein's representations that the payments he has listed in the amount claimed are inaccurate, the established rule is that costs lacking sufficient supporting documentation are *non-reimbursable* in the Vaccine Program (excluding the Court's filing fee, the payment of which is self-evident). Because Petitioner has provided sufficient documentation only supporting **$4,243.91** of the overall requested costs, I shall reimburse Petitioner in that amount.

---

[5] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$33,524.91** (representing $29,281.00 in attorney's fees and $4,243.91 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Martin Rubenstein, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.